# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CARRIE A. JOHNSON, | Civil No. 08-5127 (JRT/RLE) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| LASALLE BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

Carrie A. Johnson, P.O. Box 1138, Livingston, MT 59047, plaintiff *pro se*.

Eldon J. Spencer, Jr., **LEONARD, O'BRIEN, SPENCER, GAYLE & SAYRE, LTD.**, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402, for defendant.

This case is before the Court on plaintiff Carrie Johnson's motion to remand after defendant LaSalle Bank National Association ("LaSalle") removed the case to federal court. In a Report and Recommendation filed on April 14, 2009, United States Magistrate Judge Raymond L. Erickson recommended that the Court grant Johnson's motion to remand. LaSalle and Johnson filed objections to the Report and Recommendation, which the Court reviews *de novo*. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2. For the reasons that follow, the Court overrules those objections and grants Johnson's motion to remand.

# BACKGROUND[1]

## I. FORECLOSURE OF JOHNSON'S PROPERTY

On March 26, 2004, Johnson and her husband executed a promissory note in connection with the purchase of a home. The note was secured by a mortgage on the property in favor of Aames Funding Corporation DBA Aames Home Loans ("Aames"). Aames later assigned the note and mortgage to another party, EMC Mortgage Corporation ("EMC"), and EMC subsequently sold the mortgage to Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-2 (the "Trust"). EMC, however, retained servicing responsibilities. Defendant LaSalle is the trustee for the Trust.

In October 2005, the Johnsons filed for bankruptcy protection and listed the promissory note as a secured debt. The note was discharged in the bankruptcy, but that discharge also forfeited the Johnsons' right to the property. EMC thereafter gave notice of its intent to foreclose the property, and in February 2007, EMC commenced foreclosure proceedings by advertisement. After EMC published notice of the foreclosure sale in the local newspaper for six consecutive weeks, LaSalle successfully bid on the property. *See* Minn. Stat. § 580.03 (stating that in a foreclosure by advertisement, "[s]ix weeks published notice shall be given that such mortgage will be foreclosed by sale of the mortgaged premises or some part thereof").

---

[1] The Court recites the facts here only to the extent necessary to rule on the parties' objections. The Magistrate Judge's Report and Recommendation, (Docket No. 31 at 2-6) and the prior federal case, *Johnson v. EMC Mortgage Co.*, No. 08-686, 2008 WL 2437434, at *1-2 (D. Minn. June 12, 2008), provide background.

## II. THE DISTRICT COURT'S DECISION IN *JOHNSON I*

On February 15, 2008, Johnson, her husband, and a third individual filed an action in Minnesota state court against EMC, the Trust, and LaSalle. *Johnson v. EMC Mortgage Co.* (*Johnson I*), No. 08-686, 2008 WL 2437434, at *1 (D. Minn. June 12, 2008). The plaintiffs sought to quiet title to the foreclosed property and alleged, *inter alia*, violations of their constitutional rights and intentional infliction of emotional distress resulting from EMC's foreclosure action. *Id.* at *1-2. The defendants removed the case to the United States District Court for the District of Minnesota and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and a motion for summary judgment under Rule 12(d) and Rule 56.

The district court, however, raised *sua sponte* the issue of subject matter jurisdiction and dismissed the case with prejudice after holding that the *Rooker-Feldman* doctrine barred the exercise of federal subject matter jurisdiction over the case. Under that doctrine, federal courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The Supreme Court recently clarified *Rooker-Feldman*'s limits, noting that the doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

In *Johnson I*, the district court found that "[i]n February 2007, Defendant commenced a foreclosure action in state court to foreclose the mortgage on the Johnsons' home." *Johnson I*, 2008 WL 2437434, at * 1. Based on that finding, the district court held:

> The claims asserted by Plaintiffs in this case are barred by *Rooker-Feldman* because the Plaintiffs' suit is a *de facto* appeal of the state court foreclosure action. The nature of the relief requested is clear on the face of the Plaintiffs' Complaint, in that it seeks to quiet title to the property, a declaratory judgment that the Plaintiffs own the property, a reconveyance of the property to them, and an injunction preventing Defendant from exercising the rights it obtained through foreclosing on the property in state court. The Plaintiffs could succeed in this suit only if this Court overturned the state court judgment, voided the mortgage, and restored Plaintiffs' rights in the property.

*Id.* at *3. As a result, the district court held that it was "barred entirely by *Rooker-Feldman* from granting this relief," and the court dismissed the case with prejudice. *Id.* at *3-4.

## III. JOHNSON'S SECOND ACTION

On August 13, 2008, Johnson filed the instant action in Minnesota state court alleging similar claims to those brought in *Johnson I*, but as the sole plaintiff. On September 8, 2008, LaSalle removed the case. Johnson filed a motion to remand, arguing that *Rooker-Feldman* bars federal subject matter jurisdiction over the case.

In a Report and Recommendation, the Magistrate Judge concluded that the district court erred in finding that *Rooker-Feldman* applied in *Johnson I* because the district court mistakenly found that the defendants foreclosed the Johnsons' property through a state court foreclosure action. (Report and Recommendation, Docket No. 31 at 15-17.)

Indeed, it is undisputed that defendants foreclosed the property **by advertisement**, which is a non-judicial action. *See Norwest Bank Hastings Nat'l Ass'n v. Franzmeier*, 355 N.W.2d 431, 433 (Minn. Ct. App. 1984) ("The Minnesota legislature has provided for two types of mortgage foreclosure proceedings: foreclosure by advertisement and foreclosure by action. A foreclosure by advertisement takes place without recourse to the courts[.]"). As a consequence, the Magistrate Judge determined that *Rooker-Feldman* did not bar the Court's subject matter jurisdiction in this case or in *Johnson I* because Johnson did not allege in her complaint any injury from a state court judgment. (Report and Recommendation, Docket No. 31 at 19.)

The Magistrate Judge then turned to a consideration of *Johnson I*'s preclusive effect on the claims and issues in the present case. First, the Magistrate Judge looked to Federal Rule of Civil Procedure 41(b), which states that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction . . . – operates as an adjudication on the merits." Based on that Rule, the Magistrate Judge concluded that *Johnson I* did not operate as an adjudication on the merits of the plaintiffs' claims and *res judicata* accordingly did not bar the instant claims.[2] (Report and Recommendation, Docket No. 31 at 28.). The Magistrate Judge concluded, however, that the district court's holding in *Johnson I*

---

[2] To determine if *res judicata* bars litigation of a claim, the Court determines "(1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) **whether the judgment was a final judgment on the merits**[;] and (3) whether the same cause of action and same parties or their privies were involved in both cases." *Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir. 2002) (emphasis added).

precluded the parties' re-litigation of subject matter jurisdiction in this case. (*Id.*) As a result, the Magistrate Judge recommended that the Court grant Johnson's motion to remand for lack of subject matter jurisdiction.

LaSalle filed objections to the Report and Recommendation, arguing that the district court's dismissal with prejudice in *Johnson I* should be given determinative effect in the present case; that the district court's order in *Johnson I* should not preclude resolution of the instant action in this Court; and, in the alternative, that principles of fairness favor permitting LaSalle to defend the action in federal court. (LaSalle's Objections, Docket No. 33 at 3-10.) Johnson also filed objections, seeking sanctions for LaSalle's "improper removal of the case." (Johnson's Objections, Docket No. 35 at 1.)

## DISCUSSION

### I. STANDARD OF REVIEW FOR MOTION TO REMAND

Following removal pursuant to 28 U.S.C. § 1441(a), a district court will remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "In reviewing a Motion to Remand, the District Court must resolve all doubts in favor of a remand to State Court, and the party opposing a remand bears the burden of establishing Federal jurisdiction." *Peterson v. BASF Corp.*, 12 F. Supp. 2d 964, 968 (D. Minn. 1998).

### II. LASALLE'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

As an initial matter, the Court notes that the procedural posture in *Johnson I* is different than the procedural posture in the present case. In *Johnson I*, the defendants

moved to dismiss the case and, after concluding that it lacked subject matter jurisdiction under *Rooker-Feldman*, the court granted the defendants' motion and dismissed the case. Here, the Magistrate Judge determined that the parties are estopped from re-litigating the issue of *Rooker-Feldman* subject matter jurisdiction, notwithstanding the district court's mistaken factual finding. As a consequence, the Magistrate Judge recommended remanding the case for lack of subject matter jurisdiction. Indeed, *Johnson I* and the Magistrate Judge arrive at the same legal conclusion – that *Rooker-Feldman* bars subject matter jurisdiction over Johnson's case – albeit through different analyses and with different ultimate dispositions.

### A. There Were No "Alternative Bases" for Dismissal in *Johnson I*

The Magistrate Judge and LaSalle agree that *Johnson I*'s *Rooker-Feldman* holding was based on an erroneous finding of fact: that the defendants foreclosed Johnson's property in a state court action. Because the defendants foreclosed the property by advertisement, and not by state court action, *Rooker-Feldman* does not apply. *See Exxon Mobil*, 544 U.S. at 283. The Magistrate Judge concluded, however, that the parties were collaterally estopped from re-litigating subject matter jurisdiction.

LaSalle argues that the Magistrate Judge erred in ignoring an "alternative" basis for *Johnson I*'s dismissal with prejudice. Specifically, LaSalle contends that *Johnson I* – in addition to holding that *Rooker-Feldman* barred federal subject matter jurisdiction – held that the three plaintiffs lacked standing because they lacked a justiciable interest in the property, providing a second reason that the court lacked subject matter jurisdiction.

*See Faibisch v. University of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) ("[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction."). According to LaSalle, *Johnson I*'s dismissal for lack of standing, which is a "quasi-jurisdictional" basis for dismissal, should be given determinative effect and the instant action should be dismissed with prejudice. *See McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981); *see also id.* ("[A] decision to dismiss based on any of the doctrines under the justiciability heading should preclude relitigation of the same justiciability issue but not a second suit on the same claim even if arising out of the identical set of facts.").

LaSalle relies on one paragraph from *Johnson I*, in which the district court stated:

> Defendant filed its motion to dismiss under Rule 12(b)(6) and requested summary judgment under Rule 12(d) and Rule 56, rather than moving for dismissal under Rule 12(b)(1), which lists lack of subject-matter jurisdiction as a defense. Defendant, however, also argues that Plaintiffs lack standing. If a plaintiff lacks standing, the district court lacks subject-matter jurisdiction and, therefore, a standing argument implicates Rule 12(b)(1).

*Johnson I*, 2008 WL 2437434, at *4.

The Report and Recommendation cites the same excerpt, and concludes: "Although the District Court identified alternative bases for dismissal, its overall conclusion – that the Court lacked subject matter jurisdiction over *Johnson I* –remains unchanged, whether based upon standing, or the *Rooker/Feldman* doctrine." (Report and Recommendation, Docket No. 31 at 26.) The Court, however, disagrees that *Johnson I* offered **any** "alternative bases" for its decision.

After concluding its thorough analysis of *Rooker-Feldman*'s effect on the plaintiffs' claims, *Johnson I* held, "This Court is barred entirely by *Rooker-Feldman* from

- 8 -

granting this relief." *Johnson I*, 2008 WL 2437434, at *3.  The court then proceeded with a discussion under a subheading entitled, "Basis for Dismissal." *Id.*  In that discussion, excerpted above, the court considered the appropriate disposition of the case in light of the defendants' alternative motions for dismissal under Rule 12(b)(6) or for summary judgment under Rule 12(d) and Rule 56.[3]  After noting the alternative requests, the court drew a parallel between its own conclusions under *Rooker-Feldman* – which it raised *sua sponte* and without oral argument or briefing from the parties – and the defendants' requested action, which did not include a Rule 12(b)(1) motion to dismiss.  The district court first noted that the defendants argued that the plaintiffs lacked standing to bring their claims and then pointed out that standing is a necessary component of subject matter jurisdiction.  *Johnson I*, 2008 WL 2437434, at *4 (citing *Faibisch*, 304 F.3d at 801).  The court therefore concluded that the standing argument by implication was a request for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.  *Id.*

The court went on to note that despite its consideration of materials outside of the pleadings, the court was not required to treat the motion as one for summary judgment. *Johnson I*, 2008 WL 2437434, at *4; *see Deuser v. Vecera*, 139 F.3d 1190, 1191 n.3 (8th

---

[3] The court foreshadowed this issue in the background section of the opinion:

> Defendant moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failing to state a claim upon which relief may be granted.  Defendant also presented affidavits, which it argues contain matters outside the pleadings, and requests that its motion be treated as one for summary judgment pursuant to Fed. R. Civ. P. 12(d) and Fed. R. Civ. P. 56.

*Johnson I*, 2008 WL 2437434, at *2.

Cir. 1998); *Osborn v. United States*, 918 F.2d 724, 728 n.4, 730 (8th Cir. 1990) ("The district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)."). The court concluded: "Rule 12(h)(3) states that 'if a court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action.' This Court, therefore, concludes dismissal with prejudice, rather than summary judgment, is the proper procedure by which to dispose of this case." *Johnson I*, 2008 WL 2437434, at *4 (quoting Fed. R. Civ. P. 12(h)(3)).

It is untenable to contend that in that passage of the opinion the district court was offering additional or alternative bases for its decision. Rather, the court was merely conveying its rationale for dismissing the case as opposed to granting summary judgment: the defendants had made a standing argument that was a component of a subject matter jurisdiction analysis, which would dictate dismissal. *Johnson I* then noted that although the court considered matters outside of the pleadings, such action is permissible under Rule 12(b)(1) and does not automatically convert the motion to dismiss into a motion for summary judgment. Finally, *Johnson I* pointed out that the Federal Rules of Civil Procedure mandate dismissal of a case when the court lacks subject matter jurisdiction. Moreover, the opinion in *Johnson I* does not even hint at a discussion of standing or the merits of defendants' argument that plaintiffs did not have a justiciable interest in the property, other than noting that the defendants had argued that the plaintiffs did not have standing. Under those circumstances, the Court simply cannot find that there was any basis for the dismissal in *Johnson I* other than the holding under *Rooker-Feldman*.

Accordingly, the court overrules LaSalle's objections to the extent that LaSalle contends that the Court should recognize or give preclusive effect to any "alternative bases" for the decision in *Johnson I*.

**B.     LaSalle Had a Full and Fair Opportunity to Litigate the Issue**

Based on *Johnson I*'s conclusion that the federal court did not have subject matter jurisdiction under *Rooker-Feldman*, the Magistrate Judge determined that the doctrine of collateral estoppel precluded re-litigation of the Court's subject matter jurisdiction in this case. Collateral estoppel, often referred to as issue preclusion, applies where:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

*Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1018 (8th Cir. 2002) (internal quotation marks omitted), *abrogation on other grounds recognized by Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 821-22 (8th Cir. 2009). "Because the doctrine of collateral estoppel is not rigidly applied, the focus is on whether the application of collateral estoppel will work an injustice on the party against whom estoppel is urged." *Oldham v. Pritchett*, 599 F.2d 274, 279 (8th Cir. 1979).

LaSalle does not object to the Magistrate Judge's conclusions that the Court and *Johnson I* address the same issue (subject matter jurisdiction under *Rooker-Feldman*) and that Johnson and LaSalle were both parties to the prior action. As to the second prong of the analysis, the Eighth Circuit has held that "[d]ismissal of a suit for lack of federal

subject matter jurisdiction precludes relitigation of the same issue of subject matter jurisdiction in a second federal suit on the same claim." *Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407, 1411 (8th Cir. 1983); *see also Bui v. IBP, Inc.*, 205 F. Supp. 2d 1181, 1188 (D. Kan. 2002) (stating that "a judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised," but concluding that the judgment will "have preclusive effect as to matters actually adjudicated, including the precise issue of jurisdiction that led to the initial dismissal.").

LaSalle expressly objects to the Magistrate Judge's conclusion that it had a full and fair opportunity to be heard on the issue of subject matter jurisdiction. LaSalle concedes that it was aware that a federal court may *sua sponte* raise the issue of subject matter jurisdiction at any time, but LaSalle contends that it had a good faith basis for not challenging the Order in *Johnson I*. Specifically, LaSalle asserts that the "alternative basis" for the court's decision (i.e., the plaintiffs' lack of standing), which LaSalle argues was the basis for dismissal with prejudice, "would effectively preclude re-litigation of this matter by a party according respect to this aspect of the Court's determination." (LaSalle's Objections, Docket No. 33 at 9.) LaSalle also argues that it had no reason to challenge the holding because the Court's disposition – dismissal with prejudice – "gave [LaSalle] exactly what it sought." (*Id.*) The Court disagrees.

As discussed *supra*, *Johnson I* reached only the *Rooker-Feldman* issue. Further, LaSalle does not contend that it was unaware that *Johnson I* mistakenly found that the Johnsons' property was foreclosed by state action. LaSalle, however, argues that the

**plaintiffs** were responsible for seeking amended findings of fact in *Johnson I*. According to LaSalle, if the plaintiffs had sought to amend the factual findings, LaSalle would have re-argued the merits of the plaintiffs' claims.

The Court is not persuaded by LaSalle's argument. Johnson is a *pro se* party navigating the nuances of federal court jurisdiction and, in particular, the application of *Rooker-Feldman*. LaSalle was aware of the mistaken finding of fact and failed to raise the issue to the district court through a motion to amend or alter the judgment. LaSalle should have recognized the effect of that finding of fact on the court's decision, and LaSalle could have filed a motion to amend or alter the judgment. *See Bui*, 205 F. Supp. 2d at 1185 ("After jurisdiction was found lacking, however, plaintiff had an opportunity to present facts by affidavit or otherwise in support of his jurisdictional contention through his motion to alter and amend . . . .").

In sum, LaSalle was aware of the error in *Johnson I*, and decided for whatever reason not to seek amendment or alteration of that order. Accordingly, the Court finds that LaSalle had a full and fair opportunity to litigate the issue of subject matter jurisdiction under *Rooker-Feldman*, and the parties are precluded from re-litigating that issue now.

Giving preclusive effect to *Johnson I*'s determination under *Rooker-Feldman*, the Court concludes that it must remand this case for lack of subject matter jurisdiction. The Court further denies LaSalle's request for oral argument as moot.

## III. JOHNSON'S REQUEST FOR COSTS IS DENIED

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." The 1988 commentary on the revisions to this provision explains the circumstances under which a court may require payment of costs and actual expenses related to "improper removal": "The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand." Cmt., 1988 Amendment to 28 U.S.C. § 1447(c).

Here, the Court finds that an award of costs and expenses is unwarranted. LaSalle had an arguable basis for federal jurisdiction when it removed the action to federal court, and the Court remands the case only after addressing the nuanced legal questions raised by *Rooker-Feldman* and the doctrine of collateral estoppel. Those circumstances do not support an award of costs to Johnson and the Court therefore overrules Johnson's objections to the extent they request $8,000 for improper removal of the case.

Finally, the Court notes that Johnson has attempted to challenge the foreclosure of the mortgage on her property on questionable legal grounds and in the face of a United States Bankruptcy Court decision in February 2006, which concluded that EMC properly sought to enforce its mortgage on the property after the underlying debt was discharged in Johnson's bankruptcy. (Answer, Docket No. 6, Ex. A at 1.) The Court expects that a state court decision on the merits of Johnson's claims will be fairly swift, and likely favorable to LaSalle.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendant LaSalle Bank National Association's objections [Docket Nos. 32, 33] and plaintiff Carrie A. Johnson's objections [Docket No. 35] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated April 14, 2009, [Docket No. 31]. **IT IS HEREBY ORDERED** that:

1. Plaintiff Carrie A. Johnson's Motion to Remand [Docket No. 9] is **GRANTED** and this case is remanded.

2. Defendant LaSalle Bank National Association's Request for Oral Argument [Docket Nos. 32, 33] is **DENIED as moot**.

3. This matter is remanded to the State of Minnesota District Court, Seventh Judicial District, Clay County.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 30, 2009  
at Minneapolis, Minnesota.

\_\_\_s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge